IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLIE RAY TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 9:06cv224 |
| CHRISTINA CRAIN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charlie Ray Taylor, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Taylor complained that he is in imminent danger of serious bodily injury because on August 14, 2006, he refused a cell move without notice of a disciplinary case, and as a result, he was "assaulted with chemical agents." He says that he continues to face this type of threat in the future.

After review of the pleadings, the Magistrate Judge issued a Report on September 27, 2006, recommending that the lawsuit be dismissed. The Magistrate Judge observed that Taylor was well known to the Court, having filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Taylor v. Clinton, et al., slip op. no. 97-40496 (5th Cir., Jan. 30, 1998) (unpublished). As a result, Taylor has three strikes under 28 U.S.C. §1915(g), and thus cannot proceed under the *in forma pauperis* statute absent a showing that he is in imminent danger of serious physical injury.

The Magistrate Judge concluded that Taylor's conclusory allegations that he is in such danger were insufficient to meet the statutory exception. Taylor stated that his "danger" was that force was

used against him after he refused an order for a cell move. As the Magistrate Judge stated, such "danger" could be averted in the future by the simple expedient of complying with prison officials' orders. Furthermore, the Magistrate Judge stated that the fact that force, including chemical agents, was used upon Taylor in response to his refusal to comply with these orders did not amount to imminent danger, noting that the courts have upheld the use of chemical agents to subdue recalcitrant prisoners. *See* Clemmons v. Gregg, 509 F.2d 1338, 1340 (5th Cir. 1975).

Finally, the Magistrate Judge stated that the lawsuit faced additional hurdles as well. Taylor conceded that he had not exhausted his administrative remedies, as required by 42 U.S.C. §1997e, and he has not secured permission from a judicial officer, as mandated by a sanction imposed by the U.S. District Court for the Southern District of Texas.

Taylor filed objections to the Magistrate Judge's Report on October 13, 2006. In his objections, Taylor says that he is in imminent danger of serious bodily injury because on August 14, 2006, he refused to move and give up his "civil rights and human rights of due process of a disciplinary committee hearing." He says that he has a claim under Lamar v. Coffield, a case from the Southern District of Texas which Taylor says concerns an affirmative action plan. He goes on to say that

> I need help this legal path of read cases made me feel good now I feel like I'm dealing with Jim Crow now I see Nat Turner too blocked access to Courts or my House of the Temple one thousand inches (1000) you people can't do the Cotton-Eyed Joe. So I can file my case and prosecute it.

Taylor's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and papers in this cause, including the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and other relevant, documents and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the $350.00 filing fee. This requirement is in addition to any other requirements which Taylor must meet prior to filing suit, including but not limited to the satisfaction of all sanctions which have been imposed upon him by any court within the jurisdiction of the Fifth Circuit Court of Appeals, and the requirement that he seek and obtain permission from a judicial officer prior to presenting his case in federal court. Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause, including the Plaintiff's motion for leave to file a lawsuit in this case, filed October 13, 2006, are hereby DENIED.

So **ORDERED** and **SIGNED** this **24** day of **October, 2006.**

_____
Ron Clark, United States District Judge